The Honorable Joyce Dees State Representative 401 South Main Street Warren, AR 71671-3323
Dear Representative Dees:
You have requested my opinion concerning a broiler contract between Tyson Poultry and one of your constituents, Mr. Ronnie Sullivan. You have asked:
 Since a contract was singed, does that make Mr. Sullivan a Tyson employee, therefore due a range of pay and benefits, or not?
RESPONSE
I am unable to address your question for several reasons.
First, a definitive answer to your question will depend largely upon certain determinations that I am not authorized to make. The answer may be impacted by the provisions of the contract between the parties, as well as various facts that are external to but related to the contract, including the intent of the parties to the contract, the manner in which the contract has been carried out, and the particular nature of the parties' relationship in actual practice. It is beyond the scope of my statutory authority to engage in the construction of the terms of individual contracts or to engage in the necessary determination of facts that would be relevant to your question. Moreover, I am specifically prohibited by law from engaging in the private practice of law. A.C.A. §25-16-701. It would constitute a violation of this statutory prohibition if I rendered an interpretation of the provisions and effect of a contract between private parties.
Second, the terms "employee" and "independent contractor" may be given interpretations depending on the purpose and legal context for which the terms are used. For this reason, I cannot interpret these terms in an abstract isolation from such contexts.
Third, it appears that the issue that is raised by your question may be the subject of litigation that is currently pending in various jurisdictions, including litigation involving Tyson that is currently pending in the Pope County Circuit Court. My office has a long-standing policy against the issuance of opinions on questions that are the subject of pending litigation. This policy is based primarily upon the separation of powers doctrine. See, e.g., Ops. Att'y Gen. Nos. 2004-006; 2003-032; 2002-302; 99-389; 97-329; 97-105. Any opinion issued from my office would constitute executive comment on matters that are properly before a judicial body. Any answer to the question you have raised must be provided in the judicial forum.
For all of these reasons, I must not address your question at this time.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General